## Phillips *versus* The Commonwealth.

44  197<br>134  640

*Liability of Supervisors and Contractors for neglect of Duty.—Formal Defect in Indictment, when to be objected to.— Constitutionality of Road Law of January 19th 1860, relative to Schuylkill. County.*

1. At common law where the duty of repairing the roads of a municipal district rests upon individuals, they are indictable for neglect to keep them in repair.

2. Thus where by Act 19th January 1860, the repairing of the public roads of a township was taken by contract, and a road therein was permitted to become out of repair, the contractor was held indictable therefor.

3. Under the Criminal Procedure Act, formal defects in an indictment must be made before the jury is sworn: hence an exception, that the act upon which the indictment was founded was a private act, not made until after the verdict, is not valid.

4. The Act 19th January 1860, relating "to the selling of the repairing of the public roads in Schuylkill county," is constitutional.

CERTIORARI to Quarter Sessions of *Schuylkill county.*

At June Sessions 1860, the following indictment was preferred against Robert Phillips :—"The grand inquest inquiring, &c., do present: That by an act of the legislature of the commonwealth of Pennsylvania, approved the 19th day of January, A. D. 1860, 'it is provided that the supervisor of the township of New Castle, in the county of Schuylkill, should let at public sale the making and repairing of the public roads in the said township to the lowest bidder in each year.'

"That on the 31st day of March, in the year aforesaid, a public sale of the public roads was in due form of law held in the said township by the supervisor thereof, and that one Robert Phillips, M. D., was the lowest bidder for making, repairing, and keeping in good order the public roads then laid out in the said township for the term of one year from the letting thereof as aforesaid; and the said Robert Phillips, M. D., then and there became bound to the said township of New Castle to keep all of the then existing public township roads and bridges, culverts, and railings in the said township in good repair and condition during the said term, and furnish the necessary tools and materials thereto, and do all such other duties that might be required to keep the said roads in good order during the said term, according to the said

Act of Assembly of the 19th of January, A. D. 1860, above recited.

"And the grand inquest aforesaid, upon their oaths and affirmations aforesaid, further say, That although the said Robert Phillips, M. D., did become the purchaser of the said public roads aforesaid, and did enter into the contract aforesaid, yet he did not perform his duties required by the said contract, and did not keep the then existing public township roads and bridges, culverts and railings in good repair and condition. But his duty in that respect did wholly neglect.

"By reason whereof, one then existing public township road leading through the said township from a public road near to the town of New Castle, in the said township, and extending up the south side of the Broad Mountain, in part upon the old bed of the 'Pottsville and Danville Railroad,' and continuing to the line of Rush township, of the distance of four miles, and of the breadth of thirty-three feet in the said township of New Castle and county of Schuylkill, became so decayed, and still is so decayed and out of repair for want of repairing the same, that the citizens of this commonwealth, by, through, and upon the same road and public highway, going, passing, and travelling, cannot, with their horses, carts, and carriages, by, through, and upon the same road and highway, so safely go, pass, and travel, as of right they ought; to the great damage of the said citizens, contrary to the form of the Act of General Assembly in such case made and provided, and against the peace and dignity of the commonwealth of Pennsylvania.

"HOWELL FISHER, District Attorney."

No objection was made to the indictment until after the trial, which resulted in a verdict of guilty, and a sentence to pay a fine of $20 and the costs of prosecution.

The material facts of the case were these:—In March 1860 the supervisor of the township of New Castle, in said county, under an Act of Assembly, approved January 19th 1860, authorizing the supervisor of certain townships therein named to let the making of the roads at public sale to the lowest bidder, let the roads in that township to the defendant.

About two months afterwards he was indicted as above stated, found guilty, and sentenced to pay a fine of $20 and the costs of prosecution.

There was a motion for a new trial, based on the following exceptions:—

1. The indictment is against a private citizen for neglecting to repair public roads in New Castle township, in Schuylkill county, which it is charged it was his duty to do, as the contractor to keep the same in repair, under the provisions of an alleged Act of Assembly, that makes it a criminal offence for

[Phillips v. The Commonwealth.]

such contractor to neglect to repair said roads, or if there be any such Act of Assembly it is not set forth in said indictment. There is an Act of Assembly of the date of that stated in the indictment referring to supervisors and contractors of repairs of roads in said township, but such act does not make the non-repair of such roads by the contractor an indictable offence.

2. The indictment is for an offence for which a private citizen was not indictable at common law; and there is no public statute making a contractor for the repair of roads indictable, and if there be any statute referring to a contractor in New Castle township, it is not sufficiently pleaded and set out in the indictment, and an Act of Assembly making it indictable for neglect in a contractor of roads in New Castle township to repair the same, while it is not made so indictable elsewhere, would be unconstitutional.

The motion was overruled, not because the indictment was not defective, but because the objections were not made until after verdict—the court holding also that the neglect of the contractor was a misdemeanor, for which he might be indicted.

This writ was then sued out by defendant as above stated.

*Hughes* and *Clay*, for plaintiff in error.

*Gowan* and *Bannan*, for the Commonwealth.

The opinion of the court was delivered, February 2d 1863, by STRONG, J.—Neglect to keep in repair the public roads in any municipal district, is a violation of a public duty, and is punishable by indictment at common law. Generally, the duty of making the roads as well as repairing them rests upon the county or parish. With us it is imposed by law in most cases upon the supervisors of townships, and hence they are indictable if there be a failure to perform it. Sometimes in England the duty rests upon individuals by reason of tenure or prescription, or possibly act of Parliament. In such cases such individuals are indictable for failure to discharge the public duty, however it be imposed. See Woolrych on Ways, ch. 9; 2 Williams's Saunders 158, with the notes. If then the Act of 19th of January 1860 made it the duty of the contractor for repairs of the roads in New Castle township to maintain them in repair, his neglect to do so was an indictable offence, even without the aid of an express statutory provision to that effect. That under the act such was his duty is manifest. Its dominant purpose was to transfer from the supervisor to the contractor the obligation of making and repairing all existing roads. All the rest was an arrangement of the mode in which the transfer is to be made. It is said the obligation to repair grows out of the contractor's bond. Not so; that is but

[Phillips *v.* The Commonwealth.]

security for the performance of a duty before imposed. The supervisor is no longer indictable for failure to repair, for the provisions of the act relieve him from the duty. Both at common law then and under the statute the defendant was indictable. It would be a very strained construction of the act were we to hold that it was not one of its provisions that a contractor should repair the roads when all its requirements look to that and nothing else.

The second exception rests upon the assumption that the Act of 1860 is a private act, and that therefore it should have been fully recited in the indictment. This exception was not made until after the verdict, though our act relating to criminal procedure requires all formal defects in indictments to be objected before the jury is sworn. The indictment in this case does refer to the Act of 1860, and avers the defendant's duty under it. The fault in the indictment, if any, was therefore merely formal.

We do not feel the force of the suggestion that the Act of 1860 is unconstitutional. . Whatever may be said in favour of the policy of an uniform road system throughout the commonwealth, we know of nothing in the constitution which prevents the legislature from imposing the ministerial duty of repairing roads, upon one class of persons in one locality, and upon a different class in another. The liability to indictment follows from the breach of the public duty.

The judgment of the Court of Quarter Sessions is affirmed, with costs.