# Rough *versus* Commonwealth.

1. An indictment for unlawfully selling liquor was found, leaving a blank for the name of the person to whom the liquor was sold. On the trial, after a witness had been examined, the court allowed a name to be inserted. *Held,* to be proper under the 13th sect. of Act of March 31st 1860 (Criminal Procedure).

2. A sound discretion must be exercised by the court below under this act in each case upon its circumstances.

3. The defendant, before the jury was sworn, could have moved to quash the indictment, and the court could have sent it to the grand jury for amendment or held the defendant to answer a new indictment.

4. The indictment after the insertion stood as if the indictment had been found with the name in it.

At the January Term 1875 of the Supreme Court, sitting in Philadelphia, an application for an allocatur was made by Charles Rough, who had been convicted at the January Term of the Court of Quarter Sessions of Blair county for selling liquor without license. The application was heard before the court in banc. The facts and

[Rough *v.* Commonwealth.]

the grounds of the application, are fully stated in the opinion of Chief Justice AGNEW, delivered March 9th 1875.

The defendant was convicted of the unlawful sale of liquors without license, and was sentenced to pay a fine of $100 and the costs. He prays an allowance of a writ of error, on the ground that during the progress of the trial, and after a witness had testified, leave was given to amend the indictment by inserting the name of William Hewit, as that of the person to whom the liquor was sold. A blank had been left for the name. We are of opinion the amendment was proper and fell within the intent of the 13th section of the Act of 31st March 1860, relating to criminal procedure. Had another name been in the indictment, and evidence offered exhibiting a variance, the case would have fallen within the letter of the act. It seems to us a blank is not so great a variance as the averment of a wrong name. The former merely conveys no information; but the latter actually misleads. The remedy for any supposed hardships in these aspects is found in that provision of the 13th section requiring in all amendments to be allowed that, "it shall and may be lawful for the court before whom the trial shall be had, if it shall consider such variance not material to the merits of the case, and that the defendant cannot be prejudiced in his defence upon such merits, to order such indictment to be amended according to the proof," &c.

Thus a sound discretion must be exercised by the court in each case upon its circumstances. We discover no abuse of that discretion in this case. It was in the power of the defendant, before the jury was sworn, to move to quash the indictment, on the ground that a blank had been left in a material part of it. The court could then have taken care of the interests of the public by sending back the indictment to the grand jury, if in session, for amendment; or if not, could have held the defendant to answer a fresh indictment. But after going on to trial, when the jury could not be safely discharged, the power to amend comes in aid of justice, to prevent a failure. Then the last provision of the 13th section is, that "every verdict and judgment which shall be given, after making such amendment, shall be of the same force and effect, in all respects, as if the indictment had originally been in the same form in which it was after such an amendment was made."

A motion to quash was made in this case before trial, but on a different ground, which was overruled by the court. The amendment, therefore, stands now as if the indictment had been originally drawn and found with the name of William Hewit in it.

The purpose of the revisers of the criminal code was to prevent a failure of justice through too rigid an adherence to forms. The 13th section is a most necessary and useful provision to this end, and ought not to be frittered away by unfriendly interpretation.

Allocatur refused.