## Commonwealth v. Forest Lake Township Supervisors.

*Criminal procedure—Nuisance—Indictment at common law or under a statute—Misfeasance of township supervisors—Acts of March 21, 1806, July 14, 1917, and Penal Code of 1860.*

1. Township supervisors may be indicted for neglecting the care and maintenance of public highways. Such indictment may be either under the common law for nuisance or under the Penal Code of March 31, 1860, § 73, P. L. 402, which makes the maintenance of a public nuisance a misdemeanor, although the Township Code of July 14, 1917, § 240, P. L. 868, provides for imposing a fine for such failure of duty on the part of supervisors, and under the Act of March 21, 1806, 4 Sm. Laws, 326, where anything is directed to be done by any act of assembly, no penalty shall be inflicted under the common law further than shall be necessary for carrying such act into effect.

2. The remedy given by the Township Code of July 14, 1917, § 240, P. L. 868, is not exclusive.

Indictment on return of constable. Motion to quash. Q. S. Susquehanna Co., Jan. Sess., 1921, No. 12.

*John Ferguson,* District Attorney, for Commonwealth.

*H. A. Denny,* for defendants.

SMITH, P. J., April 1, 1921.—The reasons assigned in the motion to quash indictment raise for determination substantially two questions alternately stated:

1. Whether supervisors are not punishable by indictment for failure of duty in regard to the care and maintenance of public highways in their respective townships; and

2. Even if they can be so proceeded against, must such indictment be as under the common law for nuisance or under the statute making their misfeasance a misdemeanor?

It will be noticed the indictment here attacked is drawn under the common law and not under the statute of July 22, 1913, § 19, P. L. 926.

It is now contended and earnestly argued that the only penal procedure in such cases is that furnished by section 240 of the Township Code of July 14, 1917, P. L. 868.

"Section 240. Any township supervisor, township superintendent, roadmaster or contractor, employed to work on the roads, bridges and highways of any township of the second class, who shall violate any of the provisions of this act, other than those for the violation of which specific penalties are provided, or who shall fail, neglect or refuse to carry out the provisions of this act, shall, upon conviction before a justice of the peace, be sentenced to pay a fine of not more than $50, to be collected in the name of the township as other debts of like amount are collected. All such fines shall be paid to the township treasurer for the use of the road fund."

In support of this position the learned counsel for the supervisors cite the opinion of Prather, P. J., in Com. *v.* Adsit et al., 49 Pa. C. C. 562, 30 D. R. 760, in which he discussed the same proposition now raised at bar, held the remedy by the 240th section of the Act of 1917 exclusive, and quashed the indictment against the supervisors in that proceeding, and this because of the provisions of the Act of March 21, 1806, 4 Sm. Laws, 326, which provides:

"5. In all cases where a remedy is provided or duty enjoined, or anything directed to be done by any act or acts of assembly of this Commonwealth, the directions of the said acts shall be strictly pursued; and no penalty shall be inflicted or anything done agreeably to the provisions of the common law in

Commonwealth *v.* Forest Lake Township Supervisors.

such cases further than shall be necessary for carrying such act or acts into effect." [1 Purd. Dig. (13th ed.) 271.]

As not referred to by the learned jurist in the case above cited, we find that the 183rd section of the Criminal Code of March 31, 1860, P. L. 382, is in the exact language of the Act of 1806, *ante.*

Additional research on our own account leads us to a different conclusion than that of the learned judge in 49 Pa. C. C. Reps. above cited.

True, as stated by him, the 19th and 20th sections of the Act of 1913, P. L. 915, which declared such misfeasance as here indicated a misdemeanor, were expressly repealed by the Code of 1917, P. L. 840.

But the 73rd section of the Penal Code of 1860, P. L. 402, is still in force, which provides expressly that the creation, maintenance, &c., or causing such, of any public nuisance by any persons shall, if proven, constitute a misdemeanor, and punishable as such. The "not opening a highway, or refusing and neglecting to keep it in repair, is an injury to the public, and is indictable as a public or common nuisance" (Edge *v.* Com., 7 Pa. 275, 276, citing 3 Pa. 502), and, therefore, is a misdemeanor punishable as such by indictment under the 73rd section of the Act of 1860, above cited.

Such nuisance is also indictable at common law (Phillips *v.* Com., 44 Pa. 197, 199), and, as said in the opinion (page 200), "both at common law and under the statute."

This because the offence is the "failure to discharge the public duty" thus imposed upon the supervisors, defendants: Phillips *v.* Com., 44 Pa. 197, 199.

We have thus far considered the law as existing prior to the enactment of the 240th section of the Act of July 14, 1917, P. L. 868, which we have quoted above, here observing that the authorities cited are decisions of our appellate courts made long after the enactment of the statute of 1806, also quoted in this opinion, and illustrate one of the exceptions to the exclusiveness of its mandates, of which are many others cited in 8 Vale Digest, col. 24825 F.

The 240th section of the Act of 1917 does not define the misfeasance of the supervisors there recited as a "misdemeanor," but merely that on "conviction" thereof the offender shall "pay a fine . . . to be collected in the name of the township as other debts of like amount are collected, . . . to be paid to the township treasurer for the use of the road fund," and to which proceedings the Commonwealth, as the sovereign or state authority, is not a party and has no interest; and unless the proceedings by indictment, either at common law or under the statute of 1860, above cited, still exist, the Commonwealth is without remedy in the criminal courts against supervisors under the facts alleged in the indictment at bar. We are of the opinion any such negation cannot be implied but must be found to be clearly expressed, and is not by the 240th section of the Act of 1917, and, further, that the Act of 1806 cannot be given the controlling effect of making the remedy given the township by the former act exclusive as against either the 73rd section of the Penal Code of 1860 or indictment at common law.

As to the further objection to the present indictment, that if any indictment is proper it should be under the statute instead of at common law as laid because of the mandate of the Act of 1806, we interpret the decisions of Phillips *v.* Com., 44 Pa. 197, as well as Northern Central Ry. Co. *v.* Com., 90 Pa. 300, and Com. *v.* Van Sickle, Br. Rep. 69, as authority to the contrary, and that we must overrule the motion to quash.

And now, April 1, 1921, for the reasons above stated, the motion to quash indictment at bar is overruled, defendants directed to plead and the trial proceed.                                    From Gerritt E. Gardner, Montrose, Pa.