# Commonwealth *v.* Speiser, Appellant.

*Criminal law and procedure—Fornication and bastardy—Indictment—Clerical error—Formal defect—Motion to quash—Effect of plea—Question upon appeal—Failure to raise question in trial court.*

Upon an indictment charging fornication and bastardy, wherein it is charged that the defendant "did commit fornication with a certain Harry Speiser and a female bastard child on the body of her,

the said Harry Speiser, then and there did beget," the entry of a plea of not guilty, without demurring or moving to quash the indictment, operated as a waiver, and cured the defect. After a fair trial upon the merits, the defendant cannot, upon technical grounds not raised in the court below, interfere with the proper administration of justice.

An objection to a formal defect in an indictment apparent on its face must be taken by demurrer or motion to quash before the jury is sworn.

Submitted May 2, 1922. Appeal, No. 91, Oct. T., 1922, by defendant, from judgment of Municipal Court of Phila. Co., Criminal Branch, Oct. Sessions, 1921, No. 1205, on verdict of guilty, in the case of Commonwealth of Pennsylvania v. Harry Speiser. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Indictment for fornication and bastardy. Before WALSH, J.

The opinion of the Superior Court states the case.

Verdict of guilty, upon which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were the judgment of the court and various rulings on evidence.

*Hugh Roberts,* for appellant.

No appearance and no printed brief for appellee.

OPINION BY GAWTHROP, J., July 13, 1922:

This was a prosecution for fornication and bastardy. The indictment charged that defendant "did commit fornication with a certain Harry Speiser and a female bastard child on the body of her, the said Harry Speiser then and there did beget." Without demurring or moving to quash the indictment, a plea of not guilty was entered, and the trial resulted in a verdict of guilty, on

which the court imposed sentence. The questions for decision arise on the appeal from that sentence. The first assignment of error complains that the indictment is defective. The question therefore is whether the defect, which manifestly was due to a clerical error, is merely formal or fundamental and substantial.

The 11th section of the Criminal Procedure Act of March 31, 1860, P. L. 427, provides that every indictment shall be deemed and adjudged sufficient and good in law which charges the crime substantially in the language of the act prohibiting the crime, or if at common law, so plainly that the nature of the offense charged may easily be understood by the jury. It directs that every objection to any indictment for any formal defect apparent on the face thereof shall be taken by demurrer or motion to quash before the jury shall be sworn, and not afterward. The purpose of the revisers of the Criminal Code was to prevent a failure of justice through too rigid an adherence to forms: Rough v. Com., 78 Pa. 495. Whenever the defect is formal, apparent on the face of the indictment, the objection must be made before the jury is sworn: Phillips v. Com., 44 Pa. 197; Com. v. Newcomer, 49 Pa. 478. The 13th section of the same act provides that if, on the trial of any indictment for felony or misdemeanor, there appears to be a variance between the statement of such indictment and the evidence offered in proof thereof, in the name of any place mentioned or described in any such indictment, or in the name or description of any person or persons whomsoever therein named or described, it shall and may be lawful for the court, before whom the trial shall be had, if it shall consider such variance not material to the merits of the case, and that the defendant cannot be prejudiced thereby in his defense upon the merits to order such indictment to be amended according to the proof and after such amendment, the trial shall proceed in the same manner as if no variance had occurred. Clearly, the defect in the indictment before us was merely formal and an amend-

ment could have been allowed under the express letter of the 13th section of the Criminal Procedure Act.

In Rough v. Com., 78 Pa. 495, an indictment for unlawfully selling liquor was found, leaving a blank for the name of the person to whom the liquor was sold. During the trial and after a witness had testified, leave was given to amend the indictment by inserting the name of William Hewitt as that of the person to whom the liquor was sold. A blank had been left for the name. The court held that the amendment was proper and fell within the intent of the 13th section of the Criminal Procedure Act, saying: "Had another name been in the indictment,......the case would have fallen within the letter of the act." In Com. v. Jessup, 63 Pa. 34, the defendant was indicted for selling intoxicating drinks to minors, knowing them to be such. The indictment did not charge that the sale was for use as a beverage, although, under the act under which the indictment was drawn, that was a material part of the offense. After plea of guilty, judgment was arrested. The Supreme Court held that the defect was formal and cured by the plea and reversed the judgment. This is a stronger case than the one at bar. These cases, and others which might be cited, plainly indicate the trend of our decisions toward sustaining an indictment as good in substance, if the charge be stated with ·such certainty that the defendant may know what he is called upon to answer, and the court may know how to render the proper judgment thereon. Over nice exceptions are not to be encouraged, especially in cases which do not touch the life of the defendant: Sherban v. Com., 8 Watts 213. The result is that, in passing upon the sufficiency of criminal pleadings, the courts look more to substantial justice than to technicality: Com. v. Keenan, 67 Pa. 203; Phillips v. Com., 44 Pa. 197. While it has been held that an indictment must be sufficiently precise to protect the defendant from a second prosecution for the same offense: Seifried v. Com., 101 Pa. 200, the de-

fendant who enters a plea of autrefois acquit or convict is not confined to the offer of the indictment, nor even to the record. He can prove, in addition to the record, that the two offenses are identical. "The plea of autrefois acquit or convict is of a mixed nature consisting of matter of record and matter of fact; of record, the indictment and verdict; of fact, that the defendant is the same person and the offense is the same, and is in bar to the pending action": Com. v. Montross, 8 S. C. 237.

The defect in the indictment in our case was formal, could have been amended in the court below, but was waived and cured by the plea entered. The door was closed against a reversal on a technical point in no way affecting the substantial merits of the case. In addition to these reasons for overruling this assignment, we find, by the record, that this question was not raised in the court below, and, therefore, is not properly raised here: Com. v. Wilson, 186 Pa. 1; Com. v. Price, 15 Pa. Superior Ct. 342. After a fair trial upon the merits, the defendant cannot, on technical grounds not raised in court below, interfere with the proper administration of justice. The assignment is, therefore, overruled for both reasons.

The other assignments are so destitute of merit that it would serve no useful purpose to refer to them seriatim. They are, therefore, overruled.

The judgment is affirmed, and the record remitted to the end that the judgment may be carried fully into effect.