## Commonwealth, Appellant, *v.* Romesburg.

*Criminal procedure—Indictment—Sufficiency—Unlawful use of registration plates on motor vehicle—Acts of April 27, 1925, P. L. 254 and March 31 1860, P. L. 427.*

An indictment charging defendant with the unlawful use of registration plates on a motor vehicle is sufficient if drawn in the exact language of the last paragraph of section 3 of the Act of April 27, 1925, P. L. 254. Such indictment need not identify with particularity the registration plates or the motor vehicle for which they were issued, nor need it aver that they had been issued by the State Highway Department. The contention that the indictment should have negatived the existence of the conditions under which it would have been lawful for the owner to use the plates on another vehicle for a limited period is not well founded.

Since the enactment of the criminal procedure act of March 31, 1860, P. L. 427, which provides that every indictment shall be deemed and adjudged sufficient and good in law which charges the crime substantially in the language of the act of assembly prohibiting it, the trend of the decisions has been towards sustaining an indictment as good in substance if the charge be stated with such certainty that the defendant may know what he is called upon to answer, and the court may know how to render a proper judgment thereon. Over nice exceptions are not to be encouraged, especially

Syllabus—Argument    [91 Pa. Superior Ct.

in cases which do not touch the life of the defendant. In passing upon the sufficiency of criminal pleadings courts look more to substantial justice than to technicalities.

*Appeal—Review—Criminal case—Questions not raised below.*

On appeal in a criminal case, the court will not consider questions not raised in the court below or included in a motion to quash or in arrest of judgment.

Argued April 11, 1927. Appeal No. 189, April T., 1927, by Commonwealth from decree of Q. S. Somerset County, September Sessions, 1926, No. 151, in the case of Commonwealth of Pennsylvania v. Frank Romesburg. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHORP and CUNNINGHAM, JJ. Reversed.

Indictment for the unlawful use of registration plates on a motor vehicle. Before BERKEY, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty. Subsequently, on motion of defendant, the court arrested judgment on the grounds of the insufficiency of the indictment. Commonwealth appealed.

*Error assigned* was the decree of the Court.

*P. G. Cober,* District Attorney, and with him *Norman T. Boose* and *Budd B. Boose,* for appellant, cited: Commonwealth v. Frey, 50 Pa. 245; Commonwealth v. Keenan, 67 Pa. 203; Commonwealth v. Burkhart, 23 Pa. 521; Brown v. Commonwealth, 78 Pa. 122; Commonwealth v. Beatty, 15 Pa. Superior Ct. 5; Commonwealth v. New Bethlehem Borough, 15 Pa. Superior Ct. 158; Commonwealth v. Johnston, 19 Pa. Superior Ct. 241.

*J. C. Lowry,* for appellee.

OPINION BY CUNNINGHAM, J., November 21, 1927:

This is an appeal by the Commonwealth from a decree of the Court of Quarter Sessions of Somerset County arresting judgment on an indictment which charged that defendant "did unlawfully use registration plates on a motor vehicle other than that motor vehicle for which such registration had been issued, contrary to the act of assembly in such case made and provided" (Motor Vehicle Act of June 30, 1919, P. L. 678, as amended), and upon which there had been a verdict of guilty. Although the question of the sufficiency of the indictment was not raised by defendant in the court below in his motions filed to quash the indictment and in arrest of judgment, the learned judge of that tribunal arrested the judgment because he deemed the charge in the indictment to be so vague, indefinite and uncertain that it was insufficient to sustain the verdict. In his opinion arresting judgment he said: "If the registration plates were issued by the Pennsylvania State Highway Department for 1926, designed to be used on an automobile of either of the classes designated by the statute, containing a number for a specific motor vehicle, but it was used on a different automobile, then the offense constituted the use of false registration plates, a misdemeanor punishable under Section 16 of the act of 1919, P. L. 678, as amended by statutes enacted thereafter. The indictment sets forth none of these facts."

Obviously the indictment was not drawn under Section 16 of the act of 1919, which provides a penalty for the removal or obliteration of identification marks and for knowingly operating a motor vehicle with altered or false registration plates, and which was repealed by Section 14 of the Act of June 14, 1923, P. L. 718, 739. It was drawn in the exact language of the last paragraph of Section 3 of the Act of April 27, 1925, P. L. 254, 260, further amending Section 4 of the Motor Vehicle Act, *supra.* Since the enactment of the Crimi-

nal Procedure Act of March 31, 1860, P. L. 427, which provides that every indictment shall be deemed and adjudged sufficient and good in law which charges the crime substantially in the language of the act of assembly prohibiting it, the trend of the decisions of our Supreme Court has been toward sustaining an indictment as good in substance, if the charge be stated with such certainty that the defendant may know what he is called upon to answer, and the court may know how to render the proper judgment thereon. Over nice exceptions are not to be encouraged, especially in cases which do not touch the life of the defendant: Com. v. Speiser, App., 79 Pa. Superior Ct. 469. In passing upon the sufficiency of criminal pleadings, courts look more to substantial justice than to technicalities: Com., App., v. Keenan, 67 Pa. 203; Phillips v. Com., 44 Pa. 197. While it has been held that an indictment must be sufficiently precise to protect the defendant from a second prosecution for the same offense (Seifried v. Com., 101 Pa. 200), a defendant who enters a plea of autrefois acquit or convict is not confined to the offer of the indictment, nor even to the record. He may prove, in addition to the record, that the two offenses are identical. "The plea of autrefois acquit or convict is of a mixed nature consisting of matter of record and matter of fact; of record, the indictment and verdict; of fact, that the defendant is the same person and the offense is the same, and is in bar to the pending action": Com. v. Montross, App., 8 Pa. Superior Ct. 237. A majority of the members of this court are of opinion that this indictment was sufficient and that it was not necessary that it should identify with particularity the registration plates or the motor vehicle for which they were issued or that it should aver that they had been issued by the State Highway Department. It is not contended that defendant was surprised by unexpected proof and the record compels the conclusion that he understood fully the offense

charged. The contention of counsel for defendant that the indictment should have negatived the existence of the conditions under which it may be lawful for an owner to use registration plates upon a motor vehicle other than the one for which they were issued for a limited period, as provided in Section 4 of the act of 1925, P. L. 254, 261, (amending Section 5 of the act of 1919, and, inter alia, affording to a registered owner, under certain conditions, a period of ten days within which to procure a transfer of registration) is not well founded. Such a negative was not essential to a proper description of the offense charged, and the burden was upon defendant to bring himself within the exemption granted in the act.

The additional criticisms of the indictment stated and argued by the learned counsel for defendant in his brief were not included or referred to in any way either in the motion to quash the indictment or in the motion in arrest of judgment; nor is there anything in the opinion indicating that they were raised or considered in the court below. Under such circumstances they are not properly before us on this appeal.

The assignment of error is sustained; the decree of the court below arresting judgment is reversed and the record is remitted with a procedendo.