## Commonwealth v. Mack et al.

*Karl E. Richards,* district attorney, and *E. Leroy Keen,* assistant district attorney, for Commonwealth.

*Wickersham & Wickersham* and *W. Justin Carter,* for defendants.

WICKERSHAM, J., November 21, 1932.—Counsel for defendants have filed 13 reasons why the indictment found by the grand jury in this case should not be quashed. We think we can consider them all by a reference to the general principles covering indictments for conspiracy.

The indictment follows substantially the language of section 128 of the Act of March 31, 1860, P. L. 382, 18 PS § 2451, which provides:

"If any two or more persons shall falsely and maliciously conspire, and agree to cheat and defraud any person, or body corporate, of his or their moneys, goods, chattels, or other property, or to do any other dishonest, malicious and unlawful act, to the prejudice of another, they shall be guilty of a misdemeanor, and on conviction, be sentenced to pay a fine not exceeding five hundred dollars, and to undergo an imprisonment, by separate or solitary confinement at labor, or by simple imprisonment, not exceeding two years."

We think, therefore, that the indictment is in proper form: Act of March 31, 1860, P. L. 427; Com. v. Bonnem, 95 Pa. Superior Ct. 496; Com. v. Romesburg, 91 Pa. Superior Ct. 559.

The indictment alleges that the defendants "did unlawfully, fraudulently, falsely, wilfully and maliciously conspire, combine, confederate and agree to, among and between themselves, do a certain dishonest, malicious and unlawful act, to wit, to unlawfully, falsely, knowingly and maliciously charge George Ionoff . . . with the unlawful sale of intoxicating liquor containing more than one half of 1 percent alcohol by volume," etc.

It becomes important therefore to examine the authorities in order to ascertain the meaning of the word "charge". "A charge imports an accusation of criminality": Thompson v. Lusk, 2 Watts 17, 22; People v. Lepori, 35 Calif. App. 60, 169 Pac. 692, 694, which, while it includes a crime in legal contemplation, also includes circumstances to a reasonable extent: United States v. John Ross, Morris (Iowa) 164, 166; 11 C. J. 294, note 4; 1 Rapalje & Lawrence Law Dict. 197. In People v. Ross, 235 Mich. 433, 209 N. W. 663, the Supreme

Court of Michigan held that "A 'charge' is the first step in the prosecution of a crime, being an accusation in legal form, . . . for the apprehension of an offender and his trial before a court of competent jurisdiction."

As we understand this is what was done in the instant case, but we cannot understand how it helps the defendants in their efforts to have this indictment quashed. The information and indictment accuse these defendants with having conspired to charge the parties named in the indictment with a violation of the liquor law. That they accomplished this charge by a formal accusation or information is merely a matter of evidence to be produced at the trial and need not be made a part of the formal charge or accusation.

In conspiracy the confederating is the gist of the offense and, as no overt act is necessary to complete it, none need be laid. There may be confederacies which are lawful, and the indictments "must therefore set forth some object of the confederates which it would be unlawful for them to attain either singly, or which, if lawful singly, it would be dangerous to the public to permit to be attained by the combination of individual means. For it is the object that imparts to the confederacy its character of guilt or innocence; and of the nature of such object, and the bearing which the various kinds of it may have on the question in different cases, it is at present necessary to say no more, than that where it is the doing of an act which would be indictable, it will undoubtedly render the confederacy criminal. But in stating the object, it is unnecessary to state the means by which it was to be accomplished, or the acts that were to be done in pursuance of the original design; they may, in fact, not have been agreed on. [The indictment] . . . need not set forth more of the object than is necessary to shew it, from its general nature, to be unlawful; for that is all that is necessary to determine the character of what is, in truth, essentially and exclusively the crime—the confederating together . . .": Gibson, J., in Com. v. McKisson, 8 S. & R. 420, 422; Collins v. Com., 3 S. & R. 220, 222; Hazen v. Com., 23 Pa. 355; Clary v. Com., 4 Pa. 210.

It is complained that the indictment should have been drawn under section 127 of the Act of March 31, 1860, P. L. 382, 18 PS § 211. This we think the district attorney could not do. He was bound to follow the information, which alleges that the defendants "did unlawfully, . . . falsely, . . . and maliciously conspire, . . . and agree to . . . do a certain dishonest, malicious and unlawful act, to wit: to . . . falsely . . . charge George Ionoff . . . with the unlawful sale of intoxicating liquor containing more than one-half of 1 percent alcohol by volume, to the prejudice of the said George Ionoff . . ."

Clearly the information was brought under and substantially follows section 128 of said Act of 1860. If the district attorney had attempted to indict the defendants under section 127 we think the indictment would have been subject to criticism by counsel for the defendants.

It is further contended that the indictment is not sufficiently precise. In support of this contention counsel rely upon Seifried v. Com., 101 Pa. 200, which holds that an indictment must be sufficiently precise to protect the defendant from a second prosecution for the same offense. This is undoubtedly the law, but it was applied by Mr. Justice Trunkey, writing the opinion of the Supreme Court, to a case where the offense can be committed only in a certain municipal division which is less than the county within the jurisdiction of the court, and it was held the name or description of such division and the fact that the offense was committed therein must be set forth in the indictment, because a conviction would not be a bar to an indictment charging the defendant with having unlawfully sold spiritous, vinous, malt, or brewed liquors for drinking purposes in the Township of Derry, which was another township in Westmoreland County. Such facts do not exist in the instant case as it is charged that the offense was

committed in the County of Dauphin, and it cannot be successfully contended that a similar indictment for the same offense could be laid in Lancaster or Lebanon Counties. We think this case is not controlling.

The tendency of modern decisions is to relax the strictness of averments formerly required under the common law and prior to the passage of the Criminal Procedure Act of 1860. Mr. Chief Justice Gibson, in Thompson v. Lusk, supra (p. 22), states that he would prefer to relax the strictness in averment formerly required; and in Com. v. Romesburg, supra, Judge Cunningham, referring to the Act of March 31, 1860, P. L. 427, said (p. 561):

". . . Since the enactment of the Criminal Procedure Act of March 31, 1860, P. L. 427, which provides that every indictment shall be deemed and adjudged sufficient and good in law which charges the crime substantially in the language of the act of assembly prohibiting it, the trend of the decisions of our Supreme Court has been toward sustaining an indictment as good in substance, if the charge be stated with such certainty that the defendant may know what he is called upon to answer, and the court may know how to render the proper judgment thereon. Over nice exceptions are not to be encouraged, especially in cases which do not touch the life of the defendant: Com. v. Speiser, App., 79 Pa. Superior Ct. 469."

It was alleged at the oral argument that the defendants knew what the offense was which they were called upon to answer because depositions had been taken. We think the indictment is sufficiently specific.

And now, November 21, 1932, the motions to quash the indictment are overruled and the district attorney may call the defendants for trial at his convenience. From Homer L. Kreider, Harrisburg, Pa.

NOTE: This case was affirmed by the Superior Court on February 1, 1934.