## Commonwealth v. Habecker

*Paul A. Mueller*, district attorney, for Commonwealth.
*Charles W. Eaby* and *H. Frank Eshleman*, for defendant.

ATLEE, P. J., May 18, 1934.—Ira Habecker, the defendant in this case, is charged before Frank B. Bradycamp, an alderman of the City of Lancaster, on the complaint of Jacob H. Weller, county detective, with having on and before January 15, 1934, knowingly, wilfully, and unlawfully dissuaded, hindered, and prevented, and having attempted to persuade, hinder, and prevent Ralph Watson from attending a court of oyer and terminer for Lancaster County, Pa., to be held the week beginning January 15, 1934, to testify and give evidence on behalf of the Commonwealth in the case of Commonwealth v. Daft, complaint no. 21, December term, 1933, wherein Harry Daft stands indicted for conspiracy to commit arson and for arson, by keeping the said Ralph Watson in various places so that he could not be subpœnaed by the Commonwealth to attend the trial, etc. An indictment covering the allegations of the complaint has been duly found by the grand jury of this county as of March 13, 1934.

The defendant has filed a motion to quash the indictment and assigns three reasons why the indictment should be quashed. These reasons are as follows:

"1. The complaint is drawn under the Act of March 31, 1860, P. L. 382, sec. 11, 18 PS §381.

"2. Both counts of the indictment are drawn under common law.

"3. Where there is an act of assembly, a defendant cannot be indicted under the common law, because it is so provided by section 183 of the Act of 1860, 18 PS §3712."

In brief, the defendant's contention is that the complaint is defective because "drawn under the Act of 1860". In answer to the first reason, it is to be observed that the phrase "contrary to law and against the peace and dignity of the Commonwealth of Pennsylvania" is the usual conclusion for an indictment pleading an offense under the common law. Although the complaint says that Watson "had been subpoenaed as a witness before the grand jury", etc., the court does not consider this language of the complaint material.

As to the second reason, that both counts of the indictment are drawn under common law, the court cannot understand why the counts of the indictment cannot be drawn under the common law. In determining the sufficiency of criminal pleadings, the courts look more to substantial justice than to technicalities: Commonwealth v. Romesburg, 91 Pa. Superior Ct. 559, 562. The only purpose in precision in an indictment is to protect the defendant from a second prosecution for the same offense. The indictment in this case seemingly will protect the defendant from a second prosecution for this offense.

As to the third reason, that the defendant cannot be indicted under the common law because the offense charged in the complaint and indictment is covered by section 183 of the Act of 1860, in the opinion of the instant court this section of the Act of 1860 relates to the infliction of penalties and pursuit of remedies and has no bearing on the instant case. While it is true that the Act of March 31, 1860, P. L. 382, sec. 11 (18 PS §381) unquestionably creates and defines the offense of dissuading, hindering, or preventing witnesses from testifying, and relates to witnesses under a writ of subpoena or other legal process, or who have been placed in recognizance to attend before any court, the act was passed to afford full and free scope to legislative investigation and to protect it from practice tending to limit its extent and effect. The dissuading, hindering, or preventing of a witness from testifying in a criminal court was an indictable offense punishable at common law with fine and imprisonment. The purpose of the passage of the Act of 1860 was to extend this protection to witnesses before legislative investigations. Report on Revised Penal Code.

The common-law offense of dissuading, hindering, or preventing is complete whether a witness has been subpoenaed or has not been subpoenaed. We feel that the complaint and indictment are sufficient as to the allegations contained in these pleadings.

The rule to show cause why the indictment should not be quashed is discharged.                                    From George Ross Eshleman, Lancaster, Pa.