## Commonwealth v. Wilson

*Fred C. Morgan*, assistant district attorney, and *Karl E. Richards*, district attorney, for Commonwealth.

*Caldwell, Fox & Stoner*, for defendant.

HARGEST, P. J., January 9, 1935.—This case comes before us upon a motion to quash the indictment. Two reasons are assigned: (1) That it does not charge a criminal offense; (2) that by virtue of the amendment to the Constitution of Pennsylvania, adopted November 6, 1933, all the statutes sustaining the indictment have been repealed or rendered inoperative.

1. This indictment charges the defendant with fraudulently making and uttering "a receipt for the payment of a county tax due the County of Dauphin, commonly known as an occupation tax for the year 1932, . . . to the prejudice of the County of Dauphin and State of Pennsylvania and Harry F. Oves, Receiver of County Taxes . . . with intent then and there to impose the said

receipt upon and deceive the inspectors of election and judge of election, . . . at a certain primary election then and there being held in the sixth precinct of the seventh ward of the City of Harrisburg aforesaid on September 19, 1933."

The defendant contends that the indictment does not disclose the names of the people whose tax receipts were alleged to have been forged, and that inasmuch as prejudice to the rights of somebody is an essential to a charge of forgery, since the law requiring tax receipts to be exhibited as a qualification of an elector has been repealed, there can be no prejudice.

Section 169 of the Criminal Code of March 31, 1860, P. L. 382, makes it an offense fraudulently to make or publish any written instrument "to the prejudice of another's right, with intent to defraud any person or body corporate".

Section 11 of the Criminal Procedure Act of March 31, 1860, P. L. 427, provides:

"Every indictment shall be deemed and adjudged sufficient and good in law which charges the crime substantially in the language of the act of the assembly prohibiting the crime, and prescribing the punishment, if any such there be, or if at common law, so plainly that the nature of the offence charged may be easily understood by the jury."

Section 17 of the Criminal Procedure Act provides:

"In any indictment for forgery, uttering . . . any instrument, it shall be sufficient to describe such instrument by any name or designation by which the same may be usually known, or by the purport thereof, without setting out any copy or fac-simile thereof, or otherwise describing the same or the value thereof."

This indictment follows the general language of the statute. In form it is undoubtedly sufficient: Commonwealth v. Miller et al., 77 Pa. Superior Ct. 469, 471. In detail it may be meager. Being sufficient in form, the

question is whether it is necessary to amend it or whether the defendant's rights can be preserved by a bill of particulars. We are of opinion that the defendant is entitled to know the names of persons to whom the alleged forged receipts were presumably given: Commonwealth v. Shanklin, 87 Pa. Superior Ct. 53. But we are not convinced that the failure to put that information in the indictment invalidates it.

The names of persons on the alleged tax receipts could, in our opinion, be furnished either by amendment or by a bill of particulars. Whether or not an indictment shall be amended or a bill of particulars furnished, rests in the sound discretion of the court and an amendment can always be made if the indictment does not omit a vital ingredient of the offense: Sadler's Criminal Procedure, 322; section 13 of the Criminal Procedure Act, supra; Rough v. Commonwealth, 78 Pa. 495; Commonwealth v. Speiser, 79 Pa. Superior Ct. 469, 472.

In the instant case we are of opinion that it is not necessary to amend this indictment. In Sadler's Criminal Procedure, 325, sec. 320, it is said, citing a number of cases:

"Since the passage of the criminal procedure act of 1860, by which it was made sufficient to charge offenses substantially in the words of the act of assembly, numerous cases have arisen in which the defendant has moved to quash for insufficiency of description. The courts have uniformly held in such cases that this is not ground to quash, though a bill of particulars may be asked for, which in a proper case the court will order."

In Commonwealth v. Buccieri, 153 Pa. 535, 547, the court said:

"Before arraignment, if it be made to appear to the court that any injustice is likely to be done the prisoner because of vagueness of the indictment, a bill of particulars may be ordered".

"If, by a bill of particulars, was meant a specifica-

tion of the evidence to be adduced by the commonwealth, this the prisoner had no right to ask nor the court any right to direct."

See also Commonwealth v. O'Malley, 81 Pa. Superior Ct. 100; Commonwealth v. Zuern, 16 Pa. Superior Ct. 588; Commonwealth v. Romesburg, 91 Pa. Superior Ct. 559. We are of opinion that the defendant's rights will be protected by a bill of particulars.

The next question is whether the State of Pennsylvania, the County of Dauphin, or the receiver of taxes was prejudiced by the forgery charge. For every receipt issued by the receiver of taxes that officer has to account to the County of Dauphin and the County of Dauphin is entitled to the money represented by such receipt. If the receipt is forged, the receiver of taxes is in the position, at least until the forgery is discovered, of having issued a receipt for which he has not accounted to the County of Dauphin. Who can say that he is not prejudiced by having been put in the apparent position of violating his oath of office and his bond by a failure promptly to account? Even though that position be a false one, if the forger put him in such a position, the receiver of taxes is distinctly prejudiced. So is the County of Dauphin prejudiced, if a forged tax receipt puts the county in the position of demanding a tax from the receiver of taxes which has never been paid to him. So that it is futile to say that by the issuance of a forged tax receipt nobody has been prejudiced, even though the law requiring tax receipts to be exhibited for the purpose of registration and voting has been repealed.

2. The defendant contends that this indictment now charges no offense, because the amendment to article VIII, sec. 1 of the Constitution adopted at the November election of 1933 eliminated as one of the qualifications of an elector that "he shall have paid within two years a State or county tax, which shall have been assessed at least two months and paid at least one month before the election."

This proposition is based upon the principle that, where

a statute providing an offense for its violation is repealed before proceedings under it have been concluded, no judgment can thereafter be rendered. This principle is applicable to the adoption of the twenty-first amendment to the Constitution of the United States which, without any saving clause, repealed the eighteenth amendment and the National Prohibition Act based thereon. That principle is expressed in United States v. Chambers et al., 291 U. S. 217, as follows:

"In case a statute is repealed or rendered inoperative, no further proceedings can be had to enforce it in pending prosecutions unless competent authority has kept it alive for that purpose."

"Prosecution for crimes is but an application or enforcement of the law, and if the prosecution is to continue the law must continue to vivify it."

The case cited involved a conspiracy to violate the Prohibition Act. There are a large number of Federal cases, as well as some State cases, including the case of Commonwealth v. Kittel, 19 D. & C. 509, decided by this court, in which the same principle has been announced. These cases, however, do not apply to the instant case. In all of them there was either a direct violation of the Prohibition Act or a conspiracy to violate that act. If there is no act to be violated there can be no offense. Here, however, the charge is forgery, under the Criminal Code of 1860, and the offense of forgery has not been abolished. The fact that the receipt was valuable when it was forged and could have then been used to deceive election officers constitutes the offense. The fact that it is not valuable now does not wipe out the forgery committed then. The offense was alleged to have been committed on September 19, 1933, and on that date could have been used for the purpose of such deception. It would be extending the principle we have stated to an unwarranted and unreasonable degree to now hold that this indictment does not charge a forgery

because the forged receipt cannot now be used for the purpose of deception or otherwise.

For these reasons the motion to quash the indictment must be overruled.

And now, January 9, 1935, the motion to quash this indictment is hereby overruled and the district attorney is hereby directed to proceed with the case.