LEGORI *v.* THE STATE, 8 Smedes & Marshall, 697.

### RETAILING LIQUORS.

Under the statute of 1842, amendatory of the statute of 1839, " for the suppression of tippling houses," etc., sec. 2, appropriating all the money accruing from the granting of licenses to retail, and from fines for violations of the statute committed within the city of Vicksburg, to that city, the particular place where the offense was alleged to have been committed became a fact and circumstance constituting the offense, and is necessary to be established by proof, as stated in the indictment.

Error to Warren circuit court.  COALTER, J.

The opinion of the court contains a sufficient statement of the facts of this case.

*Guion & Tompkins* for plaintiff in error.

The statute prohibiting the sale of vinous and spirituous liquors in less quantities than one gallon, appropriates to the city of Vicksburg, for the use of a hospital, all fines and forfeitures from a breach of its provisions, within the limits of said city.  Acts of 1842, 109, sec. 2.

In cases in which a statute gives the pecuniary penalty for an

offense to any particular district or parish, the indictment must charge the offense to have been committed within the particular district or parish, and the proof must correspond with the averment. Stephens' Cr. Law, 154; Archb. Cr. Plead., 40, 96; Barbour's Cr. Treat., 355.

*J. D. Freeman,* attorney general.

Had the indictment charged the defendant with selling in the county of Warren, the evidence would have sustained the indictment; but, inasmuch as the indictment charges a sale in the city of Vicksburg, it is believed that selling four miles from Vicksburg does not sustain the indictment.

THACHER, J.:

This is an indictment for retailing vinous and spirituous liquors, in less quantities than a gallon, within the city of Vicksburg, and without a license.

The proof upon the trial was, that the defendant below retailed the prohibited article in less quantity than a gallon at a place "four miles out of and from the city of Vicksburg," and upon this proof the jury found a verdict of guilty as charged in the indictment.

The statute of 1842, amendatory to the statute of 1839, "for the suppression of tippling houses, and to discourage and prevent the odious vice of drunkenness," § 2, appropriates all moneys accruing from the granting of licenses to retail, and from fines for a violation of the statute committed within the city of Vicksburg, to that city.

Under this provision of the foregoing statute, the particular place where the offense was alleged to have been committed, became a fact and circumstance constituting the offense, and made it incumbent upon the state to prove it, as stated in the indictment.

Judgment reversed and new trial granted.