BOTTO *v.* THE STATE, 26 Miss. Rep., 108.

ILLICIT RETAILING OF INTOXICATING DRINKS.

The law gives to the city of Vicksburg all the fines and license money for retailing vinous and spirituous liquors within the corporate limits.  And, therefore, an indictment charging a sale within the county of Warren, is not supported by proof of a sale on a wharf-boat in the city of Vicksburg.

Error to Warren circuit court.   BARNETT, J.
The opinion contains the facts of the case.
*W. C. & A. K. Smedes*, for plaintiff in error.

Cited Hutch. Code, 271, § 4; ib., 270, § 2; Legori v. State, 8 S. & M., 697.

*D. C. Glenn*, attorney general.

FISHER, J. :

The defendant below was convicted at the May term, 1853, of the circuit court of Warren county, of retailing spirituous liquors in less quantity than one gallon without a license.

The indictment charges, in general terms, that the retailing was in the county of Warren. The proof shows, that it was on a wharf-boat, in the city of Vicksburg.

Upon this evidence, the jury founded a verdict of guilty, and the court pronounced judgment.

It is true that evidence was introduced on the trial showing that Vicksburg was in the county of Warren. But this, coupled with other evidence, was insufficient to authorize a verdict of guilty. The jury should, in their investigation, have been confined to the issue made by the indictment, that the defendant retailed spirits in the county of Warren, without a license from the Board of Police of said county. He was not required to have such a license to authorize him to retail within the city of Vicksburg. The power to grant the license belonged alone to the city, which was entitled not only to the tax, but also to all fines for a violation of the law within corporate limits.

Under the evidence, the city would be entitled to the fine; but under the indictment upon which the court had to pronounce the judgment, the fine would take a different direction. There was no evidence to sustain either the verdict or judgment in this respect. If the law was violated, it was in the city of Vicksburg; and the indictment should have so charged, and the evidence so established the offense. The indictment was only good, if at all, for an offense committed at some other place in the county of Warren, and the evidence could establish no more than the indictment charged. 8 S. & M., 697.

Judgment reversed, new trial granted, and cause remanded.