## Seifried *versus* Commonwealth.

1. A general affirmative statute does not repeal a prior local one upon the same subject, unless the repugnancy between them be strong, or the inconsistency irreconcilable.

2. The local Act of March 27th 1867 (Pamph. L. 591) extending the provisions of the Act of March 27th 1866 (Pamph. L. 339) to Derry township, Westmoreland county, and thus prohibiting the granting of licenses for the sale of liquors in said township, is not repealed in whole or in part, by the general Act of April 12th 1875 (Pamph. L. 40).

3. An indictment must be sufficiently precise to protect the defendant from a second prosecution; therefore when an offence is statutory and can be committed only in a certain municipal division, which is less than the county within the jurisdiction of the court, the name or description of such division and the fact that the offence was committed therein, must be set forth in the indictment.

4. An indictment for selling liquor in Derry township, Westmoreland county, contrary to the provisions of the Act of March 27th, 1867 (Pamph. L. 591) must set out specifically the fact that the offence was committed in said township.

October 3d 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Quarter Sessions of *Westmoreland county :* Of October Term 1882, No. 144.

This was an indictment against John Seifried, Sr., which set out that the defendant "on April 13th 1882 . . . at the county aforesaid and within the jurisdiction of this court, did unlawfully sell and cause to be sold to . . . . . ., rum, whisky, ale, beer, wine and other vinous, spirituous, malt and brewed liquors, without having first obtained a license agreeably to law for that purpose, contrary to the act of general assembly in that case made and provided . . . ."

At the trial, before HUNTER, P. J., the proof on the part of the Commonwealth was that the defendant had sold liquor for drinking purposes in the village of Cokeville Derry township; and there was no evidence of sales by him at any other place. The defendant claimed that under certain local acts (infra) the indictment should have stated the township and borough in which the alleged offence was committed; and he accordingly submitted no evidence but presented the following point: "If you believe the sales of liquor took place in Derry township, Westmoreland county, then, under the Acts of Assembly of 27th March 1867 (P. L. 591), extending the provisions of the Act of 27th March 1866 (P. L. 339), the present indictment cannot be sustained, and the defendants must be acquitted." Refused. Exception.

Section 1 of the Act of March 27th 1866 provides that no

licenses shall be issued within certain boroughs in the counties of Armstrong, Potter, Indiana and Perry, or within two miles of the same, in the counties in which such boroughs are located.

Section 2 provides, " that if any person, or persons, shall for the purposes aforesaid, sell any spirituous, vinous, malt, or brewed liquors, as aforesaid, after the passage of this Act, within the limits aforesaid, he or she, upon conviction thereof, shall be fined in the sum of not less than fifty dollars, nor more than two hundred dollars; and upon a second conviction thereof, in addition to the fine already imposed, shall undergo an imprisonment, in the county jail, of not more than three months . . . . ." By the Act of March 27th 1867 the provisions of the Act of 1866 are extended to the township of Derry in the county of Westmoreland.

It was contended by the Commonwealth that the penal provisions of the above acts were repealed by the general Act of April 12th 1875 (P. L. 40), and that the indictment was properly drawn under the latter Act.

Verdict guilty. Sentence, that the defendant pay a fine of $200 to the commonwealth and the costs of prosecution; and that he remain in custody until the sentence be complied with. Thereupon the defendant took this writ (which was specially allowed by TRUNKEY, J.), assigning for error the refusal of his point.

*Williams* (with whom were *Rock & Hazlett*) for plaintiff in error.—The Act of April 12th 1875 does not repeal the Acts of 1866 and 1867, but expressly saves from its operation all special prohibitory laws: Kilgore *v.* Commonwealth, 94 Pa. St. 495. The argument that the Act of 1875 repeals only the penalties of the Act of 1866 is "an attempt to engraft, by an unwarranted implication, part of a general Act upon one that is purely local." The local Acts being in force, it follows, that an indictment charging the violation of the liquor law in Derry township, should pursue them strictly: Commonwealth *v.* Keenan, 10 Phila. 194; Commonwealth *v.* Reiter, 78 Penna. St. 161; Updegraff *v.* Commonwealth, 6 S. & R. 5; Respublica *v.* Tryer, 3 Yeates 451; Humphreys *v.* State, 17 Fla. 381; Hamilton *v.* Commonwealth, 3 P. & W. 142. The indictment must be sufficiently precise to protect the defendant from a second prosecution: Commonwealth *v.* Ramsey, 1 Brew. 422; and if the Act applies to a particular time or place the indictment must conform thereto by direct allegation: Gaddy *v.* State, 8 Tex. App. 127; Kearney *v.* State, 48 Md. 16.

*W. H. Klingensmith* (with whom was *S. A. Kline*, District Attorney) for the Commonwealth.—The Act of 1875 repeals the Acts of 1866 and 1867, so far as the penalties are concerned, since

it provides a different and heavier penalty: Commonwealth *v.* Cromley, 1 Ashmead 181. It is well settled that a subsequent affirmative statute repeals, by implication, a former one made concerning the same matter, if it introduces a new rule on the subject and be evidently intended as a substitute for a former law, although it contains no express words repealing it: Johnston's estate, 9 Casey 511; Commonwealth *v.* Cromley, supra, and the cases there cited: German Society *v.* Philadelphia, 4 W. N. C. 213; Barber's case, 5 W. N. C. 350; Naval *v.* Elliott, 5 W. N. C. 35; Keller *v.* Commonwealth, 21 Sm. 413; Ledlie *v.* Monongahela Nav. Co., 6 Barr 392; Nusser *v.* Commonwealth, 1 Cas. 126.

Mr. Justice TRUNKEY delivered the opinion of the court, October 5th 1882.

The Act of March 27th 1867, prohibits the issue of license to any person to sell spirituous, vinous, malt or brewed liquors, for drinking purposes, within the township of Derry, in the county of Westmoreland, and provides, that if any person shall, for the purposes aforesaid, sell any such liquors, within said township, he or she, upon conviction thereof, shall be fined not less than fifty dollars, nor more than two hundred dollars; and, upon a second conviction thereof, in addition to the fine, shall undergo an imprisonment of not more than three months.

It is admitted on the part of the Commonwealth that the alleged unlawful sale by the defendant was made in the township of Derry, and that the special prohibitory statute, except its penal provision, is still in force; and it is claimed that said provision is repealed and supplied by the general statute of April 12th 1875. The punishment prescribed for violation of the general Act materially differs from that for violation of the special. In strictness, a sale contrary to the provisions of the one, is not the same offence as a sale contrary to the provisions of the other. In the township of Derry no person can be licensed to sell intoxicating liquor for use as a beverage, and all sales for such use are prohibited. It is hardly correct to say of the offender that he sold without license, as such phrase implies that persons might be licensed to sell. But the general statute provides that licenses may be issued, and "that any sale made of vinous, spirituous, malt or brewed liquors, contrary to the provisions of this law, shall be taken to be a misdemeanor." The penalty is expressly denounced against those who violate this law, and the indictment may properly charge that the offender sold without license.

The Act of 1875 declares that none of its provisions shall authorize the sale of intoxicating liquors in any municipality having special prohibitory laws, and in the entire Act there is

[Seifried v. Commonwealth.]

no sign of intendment to repeal the vindicatory parts of such laws. Sometimes it has been held that a general affirmative statute will repeal a prior local one upon the same subject. This is not the rule. To effect such result, the repugnancy must be strong, or the inconsistency irreconcilable. There is no repeal where the intendment of the general is not to supply the local. A general statute, without negative words, cannot repeal a previous statute which is particular, even though the provisions of one be different from the other. "It is against reason to suppose that the legislature in framing a general system for the state, intended to repeal a special Act which the local circumstances of one county had made necessary : " Brown v. Commissioners, 21 Pa. St. 37 ; Bounty Accounts, 70 Pa. St. 92. Accordingly, it was decided that the 6th section of the Act of 1872, P. L. 843, relating to the sale of intoxicating liquors in the county of Allegheny, was not repealed by the 3d section of the general Act of 1875, although said sections widely differ as to the amounts to be paid for licenses for hotels, inns and taverns, and the uses of the moneys received therefor : Kilgore v. Commonwealth, 94 Pa. St. 495. From the ruling in that case it follows that the special Act for the township of Derry is not repealed.

An indictment must be sufficiently precise to protect the defendant from a second prosecution for the same offence. Where the offence is statutory, and can be committed only in a certain municipal division, which is less than the county within the jurisdiction of the court, the name or description of such division, and the fact that the offence was committed therein, must be set forth in the indictment. This conviction would not be a bar to an indictment charging the defendant with having unlawfully sold spirituous, vinous, malt or brewed liquors, for drinking purposes, in the township of Derry, in the county of Westmoreland, contrary to the special statute : Commonwealth v. Keenan, 10 Phil. 194 ; State v. Hanly, 25 Minn. 429 ; Botto v. State, 26 Miss. 108.

The defendant's point should have been affirmed.

Judgment reversed, and the record, with this opinion setting forth the causes of reversal, is remanded to the Court of Quarter Sessions of Westmoreland county for further proceeding.