## Commonwealth v. Rabert.

*Criminal law — Nuisances — Indictment — Sufficiency — Department of Health—Regulation.*

An indictment charged defendant with violating a regulation of the State Department of Health "by maintaining a piggery in such a manner that the same was a nuisance to public health:" *Held*, that the indictment was insufficient, in that it did not state what regulation of the department had been violated.

Motion for new trial and in arrest of judgment. Q. S. Lehigh Co., June Sess., 1924, No. 27.

*Harold W. Helfrich*, Assistant District Attorney, for Commonwealth.

*William H. Schneller*, for defendant.

IOBST, J., Dec. 15, 1924.—The indictment in this case was found on June 25, 1924. It was evidently based on the Act of April 27, 1905, P. L. 312, entitled "An act creating a Department of Health, and defining its powers and duties." This act creates a commissioner of health and an advisory board. Section 5 provides: "It shall be the duty of the advisory board to advise the commissioner on such matters as he may bring before it, and to draw up such reasonable orders and regulations as are deemed by said board necessary for the prevention of disease, and for the protection of the lives and health of the people of the State, and for the proper performance of other work of the Department of Health." Section 16 provides: "Every person who violates any order or regulation of the Department of Health, or who resists or interferes with any officer or agent thereof in the performance of his duties in accordance with the regulations and orders of the Department of Health, shall be deemed guilty of a misdemeanor, etc."

The indictment sets forth one count, reading as follows: That the defendant, on May 27, 1924, within the jurisdiction of this court, "did wilfully and maliciously violate an order or regulation of the Department of Health of the Commonwealth of Pennsylvania, by maintaining a piggery in such manner that the same was a nuisance to public health, etc." A motion to quash was overruled and the verdict of the jury was "Not guilty, costs on the defendant." The evidence produced on the part of the Commonwealth was sufficient to sustain this verdict, and we see no error in the course of the trial that would warrant us to submit the case to another jury. The motion for a new trial is refused. The most serious question, however, is the alleged defect in the indictment. It is well settled "that an indictment must set forth the offence with which the defendant is charged with sufficient certainty, so that it may appear that the commission of a crime is alleged and what offence it is." It must be sufficiently explicit so that the defendant can understand what he has to meet. It must set forth the alleged crime with sufficient clearness so as to enable a court to differentiate between the charge as laid in one indictment from a subsequent indictment upon a plea of former acquittal or conviction. This is more especially true where the act complained of is in itself not an unlawful act, but which may become unlawful by reason of certain circumstances surrounding it. Upon such a charge, all matters of law violation must be fully and explicitly set forth, and any omission of any fact or circumstances necessary to fully describe the alleged offence will be fatal. A "piggery" in itself is not unlawful. The conduct of a "piggery" may become unlawful by the manner in which it is conducted. But when alleged as an unlawful "piggery," the manner of its conduct and the circumstances surrounding the allegation of its illegality must be clearly set forth in the indictment. We do not know how many orders or regulations of the Depart-

Commonwealth v. Rabert.

ment of Health relate to "piggeries." The indictment does not set forth what order or regulation was violated. It does not state when such order or regulation was made or promulgated. We are informed of a number of regulations or orders of the Department of Health (1) referring to slaughter-houses, rendering works, bone-boiling establishments, depositories for dead animals, piggeries and similar establishments, and directing that such establishments shall have an adequate water supply for the purpose of keeping the place clean and sanitary; (2) that all floors shall be constructed of concrete and have proper drainage to a cesspool, sewer or treatment works approved by the State Department; (3) that no piggery shall be built or maintained on marshy ground or land subject to overflow, nor where it might be prejudicial to a water supply, etc.; (4) that when garbage is fed to pigs, all unconsumed garbage shall be removed daily and disposed of by burial or incineration; (5) that all garbage shall be handled and fed upon platforms of concrete; (6) that unslacked lime, hypoclorite of lime, borax or mineral oil shall be used daily to prevent offensive ordors and the breeding of flies. There may be other regulations not brought to our attention. Which of these regulations or orders did the defendant violate? The indictment does not tell us. The act of the defendant only became unlawful when he violated one or all of these regulations. To hold the defendant on this indictment it was necessary to, at least, set forth with a fair degree of precision what matters are complained of, so that the defendant could understand what he had to meet upon trial, and so that on a future prosecution, were any brought against this same defendant, [this judgment] might not be set up in bar: See Sadler's Criminal Procedure, § 211; 1 Wharton's Criminal Procedure (10th ed.), § 194; Com. v. Gillespie, 7 S. & R. 469; Com. v. Siefried, 101 Pa. 200; Com. v. Clark, 4 D. & C. 458; Com. v. Grube, 20 Dist. R. 212. We, therefore, hold that the indictment is deficient in not properly setting forth the alleged offence, and are, therefore, obliged to grant the motion in arrest of judgment.

And now, to wit, Dec. 15, 1924, this case having come up on argument, upon due consideration, the motion in arrest of judgment is granted.

From Edwin L. Kohler, Allentown, Pa.