## Commonwealth ex rel. Fisher v. Russell

*Fred Fisher*, p. p.

*Warren R. Yocum, Jr.*, District Attorney, for respondent.

HIMES, P. J., February 6, 1962.—The record in the Court of Quarter Sessions of Huntingdon County, Pennsylvania, to no. 18, February sessions, 1961, discloses that petitioner, Fred Orlando Fisher, and Robert Donald Sullivan entered pleas of guilty to an indictment reading as follows:

"The Grand Inquest of the Commonwealth of Pennsylvania, inquiring for the County of Huntingdon upon their respective oaths and affirmations, do present:

"That Fred Orlando Fisher and Robert Donald Sullivan late of the said County, on or about the 8th day of January, A. D., 1961, at the County aforesaid and within the jurisdiction of this Court with force and arms, &.,

"Count No. 1:—Prison Breach:—the defendants being confined in a prison or penal institution in this Commonwealth did unlawfully and feloniously break and exact and escape from said prison or penal institution. (18 P. S. 4309)

"Count No. 2: Escape:—The defendants being confined in a prison or penal institution in this Commonwealth did unlawfully escape from said prison or penal institution.

"contrary to the form of the Act of the General Assembly in such case made and provided and against the peace and dignity of the Commonwealth of Pennsylvania."

No application was made for a bill of particulars.

Prior to the imposition of sentence, in open court in the presence of his counsel, Joseph W. Mullin, Esquire, a member of the bar of Huntingdon County, petitioner testified that he had been placed in the county jail on January 6, 1961. At page 6 of the record of proceedings on Wednesday, February 15, 1961, there appears the following inquiry by the court:

"Q" Tell me, Mr. Fisher, just what took place at the County Jail on or about the 8th day of January of

this year—just what particularly did you do?"
Mr. Fisher replied:
"A" We were sitting there talking and so we decided to leave the jail."
Thereafter, Mr. Fisher told of the removal of a steel bar, explaining that he had departed head first through a space "six and a half or seven inches." When asked whether he had been abused by the sheriff, petitioner testified, "No, sir, he always treated me good. I had been up there a lot of times and he has always treated me fair and square." When asked, "What time of night did you leave the jail?" petitioner replied "around 11:30 or 12:00."

In the presence of petitioner, Louis A. Rickert, a member of the Pennsylvania State Police, testified as follows:

". . . we received a complaint from the Sheriff of Huntingdon County, Ralph R. Awkerman, to the effect that two inmates escaped from the County Prison, namely Fred O. Fisher, Jr., and Robert Donald Sullivan. The Sheriff reported that they broke out of the County Prison by prying a bar loose from the window on the second floor. . . . They walked along Route 22 to a place known as Warrior Ridge in Porter Township, about two miles west of Huntingdon, where they were apprehended and returned to the Huntingdon County Jail."

Officer Rickert further testified that the prisoners were absent from the jail approximately two hours. The record discloses the following questions by the court and answers by petitioner:

"Q. You have heard what Officer Rickert said when he was testifying?"
"A. Yes, sir."
"Q. Did he make any mistakes in anything he said that you know of?"
"A. The only thing I didn't pry with the leg."

The record discloses the following questions by the court and answers by petitioner.

"Q. What time of night did you leave the jail?"

"A. Around 11:30 or 12:00."

"Q. Weren't there other prisoners in the jail who knew you were going out through this opening?"

"A. I suppose. They were there. I imagine they knew about it."

"Q. Didn't you think anybody would tell the Sheriff about it?"

"A. That's right."

The record further discloses that, in describing his capture when he was standing along the highway hitchhiking, petitioner testified as follows:

"A. Well, when the cop came I didn't know who he was. He had his gun and said, 'Where are you fellows going?' and we said we were going to Ohio, and he said 'Don't you like Mr. Awkerman's hotel?' and I said, 'We just left there.'"

"Q. Mr. Awkerman is the Sheriff, is that right?"

"A. Yes, sir."

In December of 1961, defendant presented a petition for a writ of habeas corpus seeking to be discharged, alleging as follows:

"3. The Indictment at No. 18 February Sessions, is so defective that the Court has no jurisdiction thereunder.

"4. The said indictment was further defective in that it charged defendant with commission of a crime in such general terms it is impossible to determine what specific occurrence he pleaded guilty to.

"5. The defects are substantive and so fatal that no waiver thereto, plea thereon or trial thereof can cure the said defects or give jurisdiction to the court."

The essence of petitioner's argument advanced in support of his petition for writ of habeas corpus is that

the location of the prison was not specified in the indictment, and that, as a result, defendant could not plead autrefois convict in the event that the Commonwealth should attempt to prosecute him again for the same offense. This argument erroneously assumes that a defendant who enters a plea of autrefois convict is confined to the indictment. In Commonwealth v. Romesburg, 91 Pa. Superior Ct. 559 at 562 (1927), cited repeatedly with approval by both appellate courts of Pennsylvania, the Superior Court said, "While it has been held that an indictment must be sufficiently precise to protect the defendant from a second prosecution for the same offense (Seifried v. Commonwealth, 101 Pa. 200), a defendant who enters a plea of autrefois acquit or convict is not confined to the offer of the indictment, nor even to the record. He may prove in addition to the record, that the two offenses are identical. 'The plea of autrefois acquit or convict is of a mixed nature consisting of matter of record and matter of fact; of record, the indictment and verdict; of fact, that the defendant is the same person and the offense is the same, and is in bar to the pending action': Commonwealth v. Montross, App., 8 Pa. Superior Ct. 237."

Defendant's testimony of record in the court of quarter sessions establishes with certainty that petitioner was sentenced for prison breach committed by him while he was confined in the county jail of Huntingdon County, Pennsylvania, on or about the eighth day of January, 1961. Under these circumstances, it is believed that petitioner's contention that he might be tried and convicted a second time for the same offense is without merit.

No new factual issues have been presented in this petition for a writ of habeas corpus which cannot be resolved conclusively by reference to the original record. It would serve no purpose to produce petitioner in

court for a hearing. While the writ of habeas corpus is a writ of right, it does not issue as of course but only on cause shown. Commonwealth ex rel. DePoe v. Ashe, 167 Pa. Superior Ct. 23. An examination of the record in this case discloses that petitioner has failed to show any cause or make out a prima facie case for the issuance of the writ.