## Commonwealth v. Wiest

*Harold S. Irwin, Jr.,* District Attorney, for Commonwealth.

*Henry L. Stuart,* for appellant.

SHUGHART, P. J., May 4, 1962.—The information filed by the State police officer in the above matter sets forth that appellant violated section 1002, subsec. C of article X of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §1002, by operating at a speed of 55 miles per hour in a zone where the rate of speed allowed for the particular vehicle was 40 miles per hour. The information sets forth that the offense occurred "on

a public highway, U.S. Route No. 11 in Silver Spring Township, County and Commonwealth aforesaid . . .", and alleges that the prosecution was brought before the nearest available magistrate.

When the above matter came before the court following a waiver of hearing before the justice of the peace, counsel for appellant moved to dismiss the complaint on the ground that the place of the alleged violation was not sufficiently explicit. The decision on this matter was reserved, but the testimony was heard as to the alleged violation.

We are of the opinion that the objection to the allegation respecting the location of the offense is not well taken. We feel that where the information designates the municipality in which an offense was committed, such designation is sufficient. In dealing with the statement as to place of offense set forth in an indictment, it has been said:

"As a general rule, place is only essential upon the question of jurisdiction, and even where it is incorrectly stated, if the evidence establishes that the offence was committed within the jurisdiction of the court, the variance will not be fatal": Heikes v. Commonwealth, 26 Pa. 513, 515. Generally, therefore, where felonies or misdemeanors are charged, it is essential only to allege that an offense was committed within a particular county; however, where an offense is statutory and can only be committed within a certain township, for example the sale of liquor in a prohibited district, an indictment should set forth the township in which the offense occurred: Seifried v. Commonwealth, 101 Pa. 200, 203.

Section 1201 of The Vehicle Code (75 PS §1201) provides that informations under the code charging summary violations shall be brought before the nearest available magistrate within the municipality. In construing this provision, it has been held that where

the complaint alleges a violation in a proper township of the county but states that the violation took place on one highway instead of another, the information is sufficient and a motion to quash the proceedings must be overruled: Commonwealth v. Jeffries, 55 Lanc. 203.

In support of his contention, counsel for appellant has cited the case of Commonwealth v. Scheetz, 61 D. & C. 185. In this case, the information was captioned "Commonwealth of Pennsylvania, County of Montgomery", but did not set forth the municipality in the county where the offense was committed. This case is therefore not controlling here. In Commonwealth v. Rathman, 9 D. & C. 2d 699, it was held that an information alleging a violation while appellant was driving west on High Street but without indicating that High Street was in the borough of Pottstown, Montgomery County, was insufficient. This case is also inapposite here. Further, we do not concur in the view of the court in that case that the place of the violation must be so specific that it can be determined from the information that the charge was preferred before the nearest magistrate. If an information is not brought before the nearest available magistrate, the statutory requirement is not met and the complaint must be dismissed. On the other hand, we feel that the allegation in the complaint that it was brought before the nearest magistrate is sufficient to sustain the complaint. If the testimony discloses that the magistrate was not the nearest magistrate, then the charge must be dismissed. Even though appellant has waived a hearing, he may raise the question on appeal as to whether the magistrate before whom he was taken was the nearest available one: Commonwealth v. Gill, 166 Pa. Superior Ct. 223; Commonwealth v. Germsback, 167 Pa. Superior Ct. 106, 108. We conclude, therefore, that where the information designates a highway by proper route

number and the township in which the violation occurred, it is sufficient.

The motion to quash must be overruled. From a careful consideration of the testimony adduced at the hearing, we find that appellant was guilty of the violation as charged.

*Order*

And now, May 14, 1962, we find appellant guilty as charged, and he is directed to appear before the court for sentence on May 29, 1962, unless prior thereto he shall cause to be paid to the probation officer a fine in the amount of $10 and the costs of the proceedings.