## Commonwealth *versus* Luberg.

1. A tel'er of a national bank may be convicted in a state court, upon an indictment charging him with fraudulently making false entries, reports and statements of the bank, with intent to injure and defraud said bank. The offence thus charged was forgery at common law.

2. Per PAXSON, J.—The indictment here is laid under the statute and does not charge the offence of forgery in the technical manner required by the strict rules of the common law, but it is good under our Criminal Procedure Act. That the act does not call it forgery makes no difference. It is the same offence.

March 18th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Quarter Sessions of *Schuylkill county:* Of January Term 1880, No. 278.

Two indictments against Charles E. Luberg. The first, No. 268, May term 1878, charged him as receiving teller of the First National Bank of Mahony City, with receiving the moneys, &c., therein named, and unlawfully, maliciously, wilfully and fraudulently embezzling, abstracting and misapplying the same, with intent to injure and defraud, in the first count, the bank, and in the second count, the individual stockholders.

The second indictment, No. 269, May term 1878, charged him with having, as the receiving teller of the said bank, unlawfully, maliciously, wilfully and fraudulently made false entries in the books, reports and statements of said bank, with intent thereby to injure and defraud said bank.

The bank was incorporated as a national bank under the laws of the United States.

Defendant pleaded "Not Guilty," and was found guilty under both indictments. On the first he was sentenced to an imprisonment of one year, and on the second to another year's imprisonment, to take effect immediately on the expiration of the first. Defendant took this writ, and alleged for error that the court had no jurisdiction over the offence charged in either indictment.

*James Ryon,* for plaintiff in error.—There was no common-law offence, such as the one charged: 2 Russell on Crimes 163–4; 4 Black. Com. 230. The jurisdiction is exclusively in the United States courts, unless otherwise provided: Houston *v.* Moore, 5 Whart. 1; 1 Kent's Com. 398; Curtis's Com. 176. The National Banking Act of June 3d 1864 contains no such proviso, and hence the jurisdiction over the offence here charged against a national bank is exclusively in the United States courts: Commonwealth *v.* Felton, 101 Mass. 204; Commonwealth *v.* Fuller, 34 Conn. 270; Commonwealth *v.* Barry, 116 Mass. 1. If it is

[Commonwealth v. Luberg.]

claimed that the state court had jurisdiction under our state acts, we answer that the Act of Assembly of 12th June 1878, Pamph. L. 1878, p. 196, repealed the 116th, 117th, 119th and 112th sections of the Crimes Act of 1860, and the 36th section of the Act of 1861 of the Free Banking Act; and consequently even if the court below had jurisdiction of the particular offence charged, the prisoner was not liable to prosecution, and his conviction and sentence were erroneous. And growing out of this second proposition is the question whether the 36th section of the Free Banking Act of 1861, Pamph. L. 1861, p. 515, is not a special law, and applies only to offences committed by officers of banks created under that act. This case is ruled by the recent decision in Commonwealth ex rel. Torrey v. Kentner, 11 Norris 372.

*A. W. Schalck*, District Attorney, *Geo. R. Kaercher*, and *Lin Bartholomew*, for the Commonwealth.—Unlike the Torrey case the offence here charged, to wit: fraudulently making false entries in the books, reports and statements of his employers with intent to cheat and defraud them, was an offence at common law, and needed no statute to create it: 4 Blackstone 247 ; 2 East 852; Roscoe's Crim. Ev., 6 Am. ed., 576 ; Commonwealth v. Biles, 3 Phila. 350 ; Brightly's Dig., sect. 726–9.

Offences against the United States may be punished in the state courts unless Congress has expressly made the federal jurisdiction exclusive: Com. v. Schaefer, 4 Dallas 26 ; White v. Com., 4 Binn. 418 ; Buckwalter v. United States, 11 S. & R. 196. See also United States v. Hutchinson, 4 Clark 211 ; Bletz v. Columbia Nat. Bank, 6 Norris 91 ; Claffin v. Houseman, 3 Otto 130 ; Jett v. Com., 7 Am. Law Reg. (N. S.) 260 ; United States v. Cary, Id. 267 ; Coleman v. State of Tennessee, 7 Otto 309. It is the nature of the offence and not the party offended which determines the question of jurisdiction. This offence was punishable under the Crimes Act of 1863, and if said act was repealed by the Act of 1878, this indictment was found before the last act was passed. The question whether the jurisdiction was rightfully exercised could only be determined on exception taken in the court below. It was too late to make the exception here: Titusville B. & L. Asso. v. McCombs, 8 W. N. C. 12 ; Wetherill v. Hillman, 15 P. F. Smith 105, 115; Spade v. Bruner, 22 Id. 57, 59 ; Miltimore v. Miltimore, 4 Wright 155.

Mr. Justice PAXSON delivered the opinion of the court, May 3d 1880.

The second assignment denies the jurisdiction. The plaintiff in error was convicted upon an indictment charging him as receiving teller of the First National Bank of Mahony City, with fraudulently making false entries in the books, reports and state-

[Commonwealth *v.* Luberg.]

ments of said bank, with intent to injure and defraud the said bank, and we are asked to reverse the judgment upon the ground that the offence charged having been committed by an officer of a national bank, it is not the subject of indictment in a state court. Commonwealth ex rel. William Torrey, decided at the last term, was relied upon to sustain this position. Torry was indicted as cashier of a national bank with embezzling the funds of the bank, and he was discharged upon *habeas corpus* for the reason that the offence was not indictable at common law, and our statutes defining and punishing the offence do not apply to national banks. Here the indictment charges an offence which was a crime at common law. In Commonwealth *v.* Beamish, 31 P. F. Smith 339, it was decided that the fraudulent alteration of a book, known as a tax duplicate, was forgery at common law. It is plain under this authority the plaintiff in error could have been indicted for forgery. The indictment here is laid under the statute, and does not charge the offence of forgery in the technical manner required by the strict rules of the common law, but, as in Commonwealth *v.* Beamish, is good under our Criminal Procedure Act. That the Act of Assembly does not call it forgery makes no difference. It is the same offence.

The first assignment alleges error in another case in which the plaintiff in error was convicted and sentenced. We cannot upon this writ of error, reverse a judgment in another case though against the same party. Nor is it material as the record shows the plaintiff has served out the term of imprisonment imposed by the court.

Judgment affirmed.