# Commonwealth v. Shanklin, Appellant.

*Forgery—Fraudulent conversion—Act of March 31, 1860, P. L. 382—Act of March 31, 1860, P. L. 427—Act of May 18, 1917, P. L. 241—Indictment—Sufficient averment.*

An indictment under Section 169 of the Criminal Code of March 31, 1860 P. L. 382, must show, either intrinsically or by special averment, the person whose right has been prejudiced by the alleged forgery; and in prosecutions under the Act of May 18, 1917, P. L. 241, the person to whom the property alleged to have been fraudulently converted by the defendant belonged.

But where the indictment contains more than one count and one of the counts avers the person whose right has been prejudiced by the alleged forgery and the person to whom the property alleged to have been fraudulently converted by the defendant belonged, the indictment will be sustained.

Under Section 19 of the Act of March 31, 1860 P. L. 427, in an indictment for a forgery under Section 169 of the Act of March 31, 1860 P. L. 382, it is not necessary that the indictment should allege the intent of the defendant to defraud any particular person.

In an indictment for forging a power of attorney to a transfer of a certificate of stock, it is not necessary to set forth in the indictment a facsimile of the certificate of stock; it is sufficient to describe it by the name or designation by which it is usually known or designated, or by the purport thereof.

Argued Oct. 27, 1925.   Appeal No. 11, April T., 1926, by defendant from judgment of Q. S. Mercer County, Oct. Sessions, 1922, No. 69, upon a verdict of guilty in the case of Commonwealth v. Frank M. Shanklin. Before PORTER, HENDERSON, TREXLER, LINN, KELLER and GAWTHROP, JJ.   Affirmed.

Indictment for forging a power of attorney to a transfer of a certificate of stock and fraudulent conversion thereof.   Before McLAUGHRY, P. J.

The facts are stated in the opinion of the Superior Court.

Jury returned a verdict of guilty generally on which judgment of sentence was passed.   Defendant appealed.

*Error assigned* was, among others, the refusal of the defendant's motion to quash the indictment.

*J. Norman Martin,* and with him *Arthur L. Bates,* and *T. C. Cochran,* for appellant.

*L. R. Rickard,* District Atty, for appellee, cited: Com. v. Beamish, 81 Pa. 389; Com. v. White, 24 Pa. Superior Ct. 178; Com. v. Bachop, 2 Pa. Superior Ct. 294; Franklin Insurance Company v. Bradford, 201 Pa. 32; Com. v. New Bethlehem Borough, 15 Pa. Superior Ct. 158; Com. v. Miller, 31 Pa. Superior Ct. 309; Com. v. Johnston, 19 Pa. Superior Ct. 241; Com. v. McCoy, 10 Pa. Superior Ct. 598; Com. v. Thompson, 46 Pa. Superior Ct. 225.

OPINION BY KELLER, J., December 14, 1925:

The indictment on which appellant was tried and convicted contained four counts.   The first three charged a violation of section 169 of the Criminal Code of March 31, 1860, P. L. 382, forbidding the fraudulent

making, signing, altering, uttering or publishing of a written instrument, (other than bank notes, bills, checks or drafts), to the prejudice of another's right, with intent to defraud any person or body corporate; the fourth, the fraudulent conversion of the property of another, contrary to the provisions of the Act of May 18, 1917, P. L. 241; the second section of that act expressly authorizing such offense to be joined in the same bill of indictment with any other misdemeanor arising out of the same transaction.

Had the indictment been confined to the first and fourth counts, it is doubtful if it could have been sustained in the face of defendant's motion to quash; for the first count fails to set forth the owner of the certificate of stock on the back of which the defendant was charged with having forged the signature of G. S. Humes to the blank transfer and power of attorney printed thereon, or the person in whose name the certificate of stock was issued, or to the prejudice of whose right such signature was forged; and the fourth count fails to set forth whose property the defendant was charged with having fraudulently converted, or to whom the certificates of stock so alleged to have been fraudulently converted by him belonged. While it is provided in section 11 of the Criminal Procedure Act of March 31, 1860, P. L. 427 that every indictment shall be deemed and adjudged sufficient and good in law which charges the crime substantially in the language of the act of assembly prohibiting the crime, yet the indictment under section 169 of the Criminal Code must show, either intrinsically or by special averment, the person whose right has been prejudiced by the alleged forgery: Com. v. Mulholland, 5 W. N. C. 208; Com. v. Shissler, 9 Phila. 587; Com. v. Phipps, 16 Phila. 457; and in prosecutions under the Act of May 18, 1917, supra, the person to whom the property alleged to have been fraudulently converted by the de-

fendant belonged. It was not necessary to set forth in the indictment a copy or facsimile of the certificate of stock, on the back of which defendant was charged with having forged the signature of G. S. Humes to the transfer and power of attorney; it was sufficient to describe it by the name or designation by which it is usually known or designated, or by the purport thereof: Sec. 17 of Act of March 31, 1860, P. L. 427; Com. v. Beamish, 81 Pa. 389; nor was it indispensable that the indictment should allege the intent of the defendant to defraud any particular person. Section 19 of the Criminal Procedure Act, supra, provides otherwise: McClure v. Com., 86 Pa. 353. It applies to sec. 169 of the Criminal Code aforesaid, for the offense covered by that section amounts to forgery: Com. v. Luberg, 94 Pa. 85; McClure v. Com., supra.

But we are satisfied that the second and third counts sustain the indictment. These identify the certificate of stock in question as having been issued to G. S. Humes and charge its fraudulent alteration, by means of the forged signature of the said Humes to the transfer and power of attorney on the back thereof, and its subsequent uttering and publishing, as having been done by the defendant to the prejudice of the right of said G. S. Humes and with intent to defraud him. From the averments of these counts full information was given the defendant of the charge he was called upon to meet: What certificate of stock he was accused of having fraudulently altered and uttered respectively, in whose name it was issued, his alleged forgery in fraudulently signing the name of the record holder to the transfer and power of attorney on the back of it, whose right had been prejudiced thereby, and whom he intended to defraud by such action: Com. v. Bachop, 2 Pa. Superior Ct. 294. They fulfill the requirements of the Criminal Procedure Act, supra, and sufficiently charge the offense forbidden by Section 169 of the

Criminal Code. Forgery of a power of attorney to transfer stock is within its provisions: Biles v. Com., 32 Pa. 529, see page 538. The first assignment of error is overruled.

The other assignments do not merit extended consideration. Evidence of the ownership of the certificate of stock by Humes was admissible. The indictment averred its issue in his name and alleged the intent of the defendant to defraud him by the forged signature to the transfer and power of attorney. Proof of his ownership of the stock was therefore relevant, and the learned trial judge properly adverted to such evidence in his charge.

The Commonwealth's witness, C. B. Bisnette, was competent to testify from the stock book of the Templar Motors Corporation respecting the stock certificate in question and the certificates issued in lieu of it. She was the clerk in charge of that company's stock transfer records and produced in court the original stock book containing the stub to which certificate No. 22944 for one hundred shares issued to G. S. Humes was attached after it had been surrendered for transfer pursuant to the forged power of attorney on the back thereof; and also the stub for certificate No. 41695 for fifty shares issued to C. L. Glass & Co. showing it to have been part of the one hundred shares so fraudulently transferred; the certificate itself being also produced and offered in evidence. She was not rendered incompetent to testify respecting such of the books of the company as she had brought with her and produced in court, because she did not produce all the books. The testimony relative to the stock of the Revere Oil Company was first brought out by the defendant on cross-examination of the prosecutor for the evident purpose of leading the jury to infer a connection between the two transactions and of rebutting any fraudulent intent on the part of the defend-

ant in the transfer of the Templar Motors Corporation stock. Having injected this extraneous matter into the case he cannot be heard to object to the prosecutor's explanation of the transaction, showing that it had no concern with the stock certificate alleged to have been fraudulently altered and transferred.

The assignments of error are all overruled. The judgment is affirmed and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed when the appeal in this case was made a supersedeas.