## Commonwealth v. Brown.

David F. Mauger, District Attorney, for Commonwealth.

J. Howard Jacobs, for defendant.

MAYS, J., May 14, 1928.—In the indictment in this case the defendant is charged with fraudulently making, signing, uttering and publishing a promissory note (a copy of which is made a part of the indictment) to the prejudice of the Reading National Bank and with intent to defraud. The information upon which the charge is based is entered to No. 266, December Sessions, 1927. It charges the commission of the crime in like language and contains a copy of the note with the addition of the endorsement on the back thereof. The defendant filed a motion to quash, based on the following reasons:

1. The indictment sets forth an instrument which is not apparently capable of effecting a fraud, thus omitting entirely the third element of the crime of forgery, namely, the instrument must be apparently capable of effecting a fraud.

2. The instrument, namely, the promissory note set forth at length (by quoting in full) in said indictment, is not only apparently not capable of effecting a fraud, but on its face, that is, on the face of the indictment, is actually not capable of effecting a fraud.

3. The promissory note contained in the indictment shows that Myrtle Brown Lease is the maker thereof and that said note is drawn to the order of Robert P. Brown, payable at the Reading National Bank, and it shows that said promissory note was not endorsed by Robert P. Brown or any one else; and that, thus lacking any endorsement, it was impossible for the defendant, Robert P. Brown, thereby to prejudice the right of the Reading National Bank.

4. The indictment on its face fails to charge the offense of forgery or any indictable offense.

5. The indictment is inconsistent with, and contradictory of, the information, in that the note in question, as set forth in the information, is a note upon which the payee has endorsed his name, whereas in the indictment an entirely different note is set forth, namely, without any endorsement.

The first, second and fourth reasons may properly be considered together. They are based on the ground that the indictment fails to allege facts sufficient to constitute all the elements of the crime of forgery. There is no need for the citation of authorities to support the contention of the Commonwealth that the instrument set out in the indictment, viz., a promissory note, is capable of working a legal injury.

The third reason is based on the fact that the indictment does not set out the reverse side of the note alleged to have been forged, and, hence, does not show any endorsement of the note by the payee, the defendant here. This reason is not well founded, because it is unnecessary in an indictment for forgery to set out a complete copy of the instrument involved, and, furthermore, because the offense of forgery can be completed to the prejudice of the prosecutor and a fraud effected, even if the instrument has not been in fact endorsed.

The Act of March 31, 1860, § 17, P. L. 427, provides that: "In any indictment for forgery, uttering, stealing, embezzling, destroying or concealing, or obtaining by false pretences any instrument, it shall be sufficient to describe such instrument by any name or designation by which the same may be usually known, or by the purport thereof, without setting out any copy or facsimile thereof, or otherwise describing the same or the value thereof." In construing this act, the courts have uniformly held that if the written instrument is described by the name or designation by which it is usually known, it fulfills the requirements of the statute. See Com. v. Beamish, 81 Pa. 389; Com. v. Luberg, 94 Pa. 85; Com. v. Meads, No. 2, 14 York Leg. Record, 132. In the last-cited case, an indictment charging forgery contained a copy of the check without the endorsement, and it was held that it was not necessary to describe the endorsement or to incorporate a copy thereof in the bill.

Section 11 of the Act of 1860, supra, provides that "every indictment shall be deemed and adjudged sufficient and good in law which charges the crime substantially in the language of the act of assembly prohibiting the crime, and prescribing the punishment, if any," etc. The accused has a right to be informed of the nature and character of the charge he is called upon to answer, to the end that he may properly prepare his defense. The bill of indictment here in question substantially follows the act, indeed, does more than describe the instrument by name or designation, thereby giving the defendant all the needful information as to the nature and character of the charge he is called upon to answer.

In Com. v. Shanklin, 87 Pa. Superior Ct. 53, the defendant was indicted for forgery of a signature to the transfer and power of attorney on the back of a certificate of stock. The Superior Court said, at page 56: "It was not necessary to set forth in the indictment a copy or facsimile of the certificate of stock, on the back of which defendant was charged with having forged the signature of G. S. Humes to the transfer and power of attorney; it was sufficient to describe it by the name or designation by which it is usually known or designated, or by the purport thereof."

The indictment in this case certainly describes the note involved sufficiently to enable the defendant to identify it; it clearly shows what note he is charged

with having forged, and, as we see it, is sufficient, even though it does not contain a copy of the endorsement.

Equally unavailing is the defendant's contention that he could not be held liable for uttering a forged note because he did not endorse it. As has been said by some courts in other jurisdictions, such a contention merits but little consideration.

In Lawless v. State, 114 Wis. 189, 89 N. W. Repr. 891, the defendant was charged with and convicted of forging a check by altering the amount, the check having been made payable to his order and having been cashed for him by one Kiefer. Quoting from the opinion of the Supreme Court: "The point that the accused could not be held liable for uttering the forged check because he did not endorse it merits but little consideration. Such title as the accused had therein was passed by the transfer, and Mr. Kiefer acquired the right to have the accused make the proper endorsement," citing the Negotiable Instruments Law.

This case was followed, in the same court, by Norton v. State, 129 Wis. 659, 109 N. W. Repr. 531. There the defendant was charged with forging a check payable to the order of one John Walsh, and it was averred that forgery could not be predicated on the instrument because it had no legal efficacy in the hands of the defendant, whose name did not even appear upon the instrument. This contention was overruled in the following language: "The contention that the check was without value in the hands of the plaintiff in error without the endorsement of Walsh is refuted by the decision of this court to the effect that a negotiable paper payable to the order of the payee may be transferred without his endorsement."

This rule, stated to be based upon the decisions of the Wisconsin court, is, of course, the same rule that is embodied in the Negotiable Instruments Law which has been adopted in Pennsylvania.

A similar case is Maloney v. State, 91 Ark. 485, 121 S. W. Repr. 728. Maloney was charged with forging a check payable to the order of one Collins, and here again defendant's name did not appear on the check. The defendant filed a motion in arrest of judgment on the ground that the indictment did not allege facts sufficient to constitute an indictable offense. This was answered in the following language: "The instrument set out in the indictment was capable of working a legal injury. Although not endorsed by the alleged payee in the instrument, it had legal efficacy. The gravamen of the offense is the guilty intent which accompanies the attempt to defraud. . . . If one with intent to defraud offers a forged instrument to another which is capable of injury, he has committed this offense, although the person to whom it is offered might not accept it without a written assignment. But in the instrument set out in the indictment one might obtain a right or an equitable title without a written assignment . . . and the check could be transferred without a written assignment thereof so as to make the transferee the true owner thereof."

In Santolini v. State, 6 Wyo. 110, 42 Pac. Repr. 746, where the defendant was charged with the forgery of a check payable to the order of one Colbers, the defendant contended that the check described in the information was not of legal efficacy without an endorsement, and could not be passed without such an endorsement. It was held that: "In forgery, it was never necessary to set forth the endorsement of the forged paper in the indictment, as the endorsement is no part of the instrument. . . . The uttering of a forged instrument is complete when offered, and it makes no difference whether it was then endorsed by the payee or not." The court further states that

"According to Mr. Bishop, 'forgery is the making of a false writing, which, if genuine, would apparently be of some legal efficacy.' It does not seem from the authorities that it is necessary either in any indictment for forgery or for uttering forged paper, or for passing the same, to set out any endorsements thereon, to show the instrument to be of apparent legal efficacy. It is sufficient charge that it is a forged writing, was uttered or was passed with knowledge of the forgery and with intent to defraud."

The Supreme Court of California, in People v. Ah Woo, 28 Cal. 205, holds that it is not necessary, in order to constitute an uttering within the meaning of the forgery statute, that there should have been a formal endorsement, and that the position taken by the defendant that, inasmuch as the person intended to be prejudiced is neither the drawee nor the payee mentioned in the order, and the order is not drawn payable "to order" or "bearer" and is not transferred by endorsement, the prosecutor could not have been defrauded, is untenable.

The fifth reason urges that because the information alleges an endorsement and the indictment does not, there is a variance. It is sufficient to say that all that is necessary in an information is that the same offense be alleged or set forth as that contained in the bill of indictment. In view of what we have said in disposing of the other reasons advanced, we must conclude that this is not a variance which could do any harm to the defendant; and, what is more, the information discloses what he complains the indictment fails to set forth.

And now, to wit, May 14, 1928, the motion to quash is overruled, and the defendant is required to plead to the indictment.

From Charles K. Derr, Reading, Pa.